UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Akira Cooper<br><br>　　　　　Plaintiff,<br><br>　-against-<br><br>Experian Information Solutions, Inc.;<br>Trans Union LLC; and<br>National Credit Systems, Inc.;<br><br>　　　　　Defendant(s). | Case No.: 4:21-cv-907<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Akira Cooper, by and through her attorneys, and as for her Complaint against Defendants Experian Information Solutions, Inc. ("Experian"); Trans Union LLC ("TransUnion") (Experian and TransUnion each a "Bureau" and collectively "Bureaus"); and National Credit Systems, Inc. ("NCS"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action against Defendants for damages arising from their violations of 15 U.S.C. § 1681 *et seq.*, also known as the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, 15 U.S.C. § 1681p et seq., and 15 U.S.C. § 1692 et seq.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here and the Defendants transact business here.

## PARTIES

4. Plaintiff is a resident of the State of Texas, County of Collin.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Experian is an Ohio corporation registered to do business in this State, and may be served with process upon its registered agent c/o C T Corporation System, 1999 Bryan Street, Suite 900 Dallas, Texas 75201.

8. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

9. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Trans Union LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Defendant TransUnion is a Delaware corporation registered to do business in this State, and may be served with process upon its registered agent at The Prentice-Hall Corporation System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

12. At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

13. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

14. NCS has an address for service at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15. NCS is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates the above allegations as if set forth here.

17. Sometime prior to the events described below Plaintiff rented an apartment from Mira Bella Apartments ("Mira Bella").

18. When Plaintiff was preparing to move, she made sure to satisfy any balance owed to Mira Bella.

19. Therefore, when Plaintiff moved out, she did not have any outstanding balance to Mira Bella.

20. Thereafter, Plaintiff began to receive collection letters from a debt collector on behalf of Mira Bella.

21. Plaintiff informed them that she did not owe any money to Mira Bella.

22. Plaintiff was told that they had changed management and her file was lost.

23. Plaintiff then realized that the Mira Bella account was showing on her credit report as unpaid.

24. It was showing a balance owed of $6,063.

25. This was false.

26. Plaintiff did not owe any money on her Mira Bella account.

27. The information furnished by NCS and published by the Bureaus is inaccurate.

28. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

29. Plaintiff notified the Bureaus that she disputed the accuracy of the information it was reporting on or around May 20, 2021 ("Dispute").

30. Plaintiff stated in her Dispute that she did not owe any money on this account.

31. Plaintiff included with her Dispute a receipt from Mira Bella.

32. The receipt is titled "Move Out Statement".

33. The receipt showed that the $6,063 balance was satisfied.

34. The receipt showed that there was a $0 balance outstanding.

35. The Bureaus are required to notify NCS of Plaintiff's dispute.

36. It appears and is therefore averred that the Bureaus notified NCS of Plaintiff's dispute.

37. Upon receipt of the dispute of the account by the Plaintiff from the Bureau, NCS failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

38. Had NCS done a reasonable investigation it would have been revealed to NCS that the account is inaccurate.

39. A reasonable investigation by the Bureaus would have revealed that the account balance was zero dollars.

40. This is particularly so because the Plaintiff included proof from the original creditor that the true balance was zero dollars.

41. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42. The Bureaus violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute.

43. Defendants' actions described herein violated 15 U.S.C. § 1681i.

44. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

45. NCS continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced tradeline continues to be inaccurate and materially misleading.

46. The Bureaus did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

47. On information and belief, on a date better known to each Bureau, they prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

48. The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's account information.

49.     The Bureaus reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

50.     Bureaus violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

51.     Had the Bureaus enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

### Damages

52.     As a result of the Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

53.     Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

54.     As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

55.     Plaintiff suffered damage to her reputation as it falsely appears as if she is delinquent on the Mira Bella account.

56.     This false information was published to numerous third-parties.

57.     This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

58.     As described above, Plaintiff suffered damage by loss of time and money, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

59. Plaintiff was also denied a home mortgage due to the Defendants' improper actions.

60. Plaintiff was therefore unable to purchase her home due to the Defendants' improper actions.

61. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit or increased credit cost for a home mortgage.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureaus)

62. Plaintiff incorporates the allegations in paragraphs 1-61 above as if set forth here.

63. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

64. The Bureaus violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained or furnished concerning the Plaintiff.

65. Experian violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

66. The Bureaus have willfully and recklessly failed to comply with the Act.

67. The failure of the Bureaus to comply with the Act include but are not necessarily limited to:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    f) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer; and

    g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

68. As described above, and as a result of the conduct, action, and inaction of the Bureaus, Plaintiff suffered damage to her reputation, and by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, harm to her reputation, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, suffering, and embarrassment of credit denial.

69. Plaintiff was also denied a home mortgage and was unable to purchase her home due to the Bureaus' improper actions.

70. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit for a home mortgage.

71. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Akira Cooper, an individual, demands judgment in her favor against each Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureaus)

73. Plaintiff incorporates the allegations in paragraphs 1-61 above as if set forth here.

74. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

75. The Bureaus violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained or furnished concerning the Plaintiff.

76. The Bureaus violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

77. The Bureaus have negligently failed to comply with the Act.

78. The failure of the Bureaus to comply with the Act include but are not necessarily limited to:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   f) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute

79. As described above, and as a result of the conduct, action, and inaction of the Bureaus, Plaintiff suffered damage to her reputation, and by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and

benefit from credit, harm to her reputation, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, suffering, and embarrassment of credit denial.

80. Plaintiff was also denied a home mortgage and was unable to purchase her home due to the Bureaus' improper actions.

81. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit for a home mortgage.

82. The conduct, action and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Akira Cooper, an individual, demands judgment in her favor against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to NCS)**

84. Plaintiff incorporates the allegations in paragraphs 1-61 above as if set forth here.

85. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

86. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

87. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

88. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

89. Defendant NCS violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

90. Defendant NCS continued to report these accounts on the Plaintiff's credit report after being notified of her dispute regarding the inaccuracies in relation to said accounts.

91. As a result of the conduct, action, and inaction of the NCS, Plaintiff suffered damage to her reputation, and by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, harm to her reputation, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, suffering, and embarrassment of credit denial.

92. Plaintiff was also denied a home mortgage and was unable to purchase her home due to the NCS' improper actions.

93. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit for a home mortgage.

94. The conduct, action, and inaction of NCS was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

95.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from NCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Akira Cooper, an individual, demands judgment in her favor against Defendant NCS for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to NCS)**

96.     Plaintiff incorporates the allegations in paragraphs 1-61 above as if set forth here.

97.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

98.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

99.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

100.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

101.    As described above, NCS is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

102.    After receiving the Dispute notice from the Bureau, NCS negligently failed to conduct its reinvestigation in good faith.

103. A reasonable investigation would require a furnisher such as NCS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

104. The conduct, action and inaction of Defendant NCS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

105. As a result of the conduct, action, and inaction of the NCS, Plaintiff suffered damage to her reputation, and by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, harm to her reputation, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, suffering, and embarrassment of credit denial.

106. Plaintiff was also denied a home mortgage and was unable to purchase her home due to the NCS' improper actions.

107. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit for a home mortgage.

108. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant NCS USA, N.A. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Akira Cooper, an individual, demands judgment in the favor against NCS for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

109. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and d

g) For any such other and further relief as this Court may deem just and proper.

Dated: November 17, 2021

Respectfully submitted,

**Stein Saks, PLLC**

s/ Yaakov Saks
By: Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 101
Fax: (201) 282-6501
YSaks@SteinSaksLegal.com

*Attorneys for Plaintiff*